E-FILED

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                          SUPERIOR COURT
                                        Civil Action NO. 2285CV749-C

_____
                            )
GATES VILLAGE LLC,          )
     Plaintiff,             )
                            )
v.                          )
                            )
AMGUARD INSURANCE COMPANY,  )
     Defendant.             )
_____)



### COMPLAINT AND DEMAND FOR JURY TRIAL

#### PARTIES

1.  The Plaintiff, Gates Village LLC ("Gates"), with a usual place of business at 61 Sherbrooke Road, Newton, MA 02458, has at all times material owned the property known as 13-15 Gates Street, Worcester, Worcester County, Massachusetts 01610 (the "Property").

2.  The Defendant, AmGUARD Insurance Company ("Guard" or "Insurer"), has at all times material been a duly organized insurer with its principal place of business located at 39 Public Square, Wilkes-Barre, PA 18703, and licensed in the Commonwealth of Massachusetts to issue insurance.

#### FACTS

3.  The Defendant Guard issued a Businessowner's Policy, No. GABP152374, effective January 23, 2020 to January 23, 2021 ("Policy"), providing insurance coverage to Plaintiff Gates in the event of various casualties to the Property.

4.  The Policy includes Ordinance or Law Coverage ("Code Coverage") which provides, in Businessowners BP 04 46 01 06 (Ordinance or Law Coverage), page 2 of 4, in relevant part:

1

3.      Coverage 3 – Increased Cost of Construction Coverage

With respect to the building that has sustained covered direct physical damage, we will pay the increased cost to:

a.      Repair or reconstruct damaged portions of that building; and/or
b.      Reconstruct or remodel undamaged portions of that building, whether or not demolition is required;

When the increased cost is a consequence of enforcement of the minimum requirements of the ordinance of law.

However:

a.      This coverage applies only if the restored or remodeled property is intended for similar occupancy as the current property, unless such occupancy is not permitted by zoning or land use ordinance or law.
b.      We will not pay for the increase cost of construction if the building is not repaired, reconstructed or remodeled.

5.    On or about April 13, 2020, the Property sustained severe damage from a tree falling on the Property, causing severe damage to the property, including, but not limited to, the roof and rear exterior egress (the "Loss").

6.    Defendant Guard received prompt notice and assigned an adjuster to the scene.

7.    Defendant Guard covered direct physical damage to the Property due to the Loss, including, but not limited to, the rear exterior egress.

8.    The City of Worcester required Plaintiff Gates to comply with various Massachusetts State Building Code requirements in connection with repairing the rear exterior egress that had been damaged in the Loss and covered under the Policy.

9.    None of the stated exceptions in the Code Coverage are applicable.

-2-

10.   On or about June 24, 2020, Plaintiff Gates retained a licensed public adjuster, Mario Dies, to assist the Plaintiff in making claims for direct damage and Code Coverage (the "Code Claim").

11.   Plaintiff Gates has provided architectural and engineering plans, general contractor estimates, and various inquiries to Defendant Guard over the course of months, with no response.

12.   Plaintiff Gates has made multiple and repeated attempts, over the course of many months, to obtain coverage, Defendant Guard's engineering report, or a response to the Code Claim, with no response by Defendant Guard.

13.   On or about April 12, 2022, the City of Worcester issued and delivered a violation to Plaintiff Gates (the "Violation") due to non-compliance with Massachusetts State Building Code requirements with respect to its rear exterior egress.

14.   On or about June 28, 2022, Plaintiff Gates obtained a loan to fund repairs to the rear exterior egress that had been damaged in the Loss and covered under the Policy in compliance with the minimum requirements of the Massachusetts State Building Code as set forth in the Violation.

15.   Defendant Guard was notified about the Violation and that due to Defendant Guard's lack of response or coverage, Plaintiff Gates intended to enter into a loan to fund the repairs to the rear exterior egress in accordance with Massachusetts State Building Code requirements as being enforced by the City of Worcester.

-3-

16. The Policy and Massachusetts law provide that the Plaintiff must bring suit within two years of a loss to preserve its rights.

17. The two-year statute of limitations to file suit or initiate reference expires on June 30, 2022, and Defendant Guard has not responded to multiple requests for statute extension beyond this date.

18. By letter dated June 3, 2022, the Plaintiff demanded reference.

19. As of the date hereof, Guard defendant has not responded to Plaintiff Gates's demand for reference, in violation of MGL c. 175, § 99.

### COUNT I (Breach of Contract)

20. Plaintiff Gates realleges and incorporates by reference each and every allegation of paragraphs 1-19.

21. Defendant Guard's failure to make payment to Plaintiff Gates for the Code Claim or communicate with Plaintiff constitutes a material breach of the Policy and Guard's implied duty of good faith and fair dealing.

22. As a result of Defendant Guard's breach of contract, the Plaintiff has sustained substantial damages, including incidental and consequential damages.

### COUNT II (Declaratory Judgement)

23. Plaintiff Gates realleges and incorporates by reference each and every allegation of paragraphs 1-22.

24. There is an actual controversy which has arisen between Plaintiff Gates and Defendant Guard.

-4-

## COUNT III (Violation of G.L. c. 93A and 176D)

25. Plaintiff Gates realleges and incorporates by reference each and every allegation of paragraphs 1-24.

26. Plaintiff Gates and Defendant Guard are each engaged in trade or commerce.

27. Defendant Guard's acts and omissions constitute knowing and willful unfair acts and/or deceptive practices declared illegal pursuant to G.L. c. 93A and 176D and the regulations promulgated thereunder.

28. Defendant Guard's wrongful conduct occurred primarily and substantially in the Commonwealth of Massachusetts.

29. As a result of Defendant Guard's unfair and deceptive trade acts and practices, the Plaintiff Gates sustained pecuniary and economic loss.

WHEREFORE, the Plaintiff prays:

1. that the Court enter judgment in favor of the Plaintiff for damages on Count I, along with interest, costs of suit, and attorney's fees;

2. that the Court declare the respective rights and obligations of the Plaintiff and the Defendant on Count II, pursuant to G.L. c. 231A;

3. that the Court enter judgment in favor of the Plaintiff for actual damages on Count III, along with double or treble damages, interest, reasonable attorneys' fees, and costs of suit; and

4. that the Court enter such other and further relief as it deems just and proper.

By its attorney,

Tova M. Goldring (BBO #680907)
TG Law, LLC
867 Boylston Street
Suite 500
Boston, MA 02116
goldringlegal@gmail.com
617-564-1140

Dated:    June 29, 2022

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**





E-FILED

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2285CV749C | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Worcester Superior Court (Worcester) |

| Plaintiff | Gates Village LLC | Defendant: | AmGUARD Insurance Company |
|---|---|---|---|
| ADDRESS: | 61 Sherbrooke Road | ADDRESS: | 39 Public Square |
| Newton, MA 02458 | | Wilkes-Barre, PA 18703 | |

| Plaintiff Attorney: | Tova Goldring | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | TG Law, LLC | ADDRESS: | |
| 867 Boylston Street, Suite 500 | | | |
| Boston, MA 02116 | | | |
| BBO: | 680907 | BBO: | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A06 | Insurance Contract | F | ☒ YES   ☐ NO |

*"If "Other" please describe:   N/A

Is there a claim under G.L. c. 93A?   ☒ YES   ☐ NO          Is there a class action under Mass. R. Civ. P. 23?   ☐ YES   ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date
| | |
|---|---|
| 1. Total hospital expenses | $0.00 |
| 2. Total doctor expenses | $0.00 |
| 3. Total chiropractic expenses | $0.00 |
| 4. Total physical therapy expenses | $0.00 |
| 5. Total other expenses (describe below) | $0.00 |
| N/A | |
| Subtotal (1-5): | $0.00 |
| B. Documented lost wages and compensation to date | $0.00 |
| C. Documented property damages to date | $0.00 |
| D. Reasonably anticipated future medical and hospital expenses | $0.00 |
| E. Reasonably anticipated lost wages | $0.00 |
| F. Other documented items of damages (describe below) | $0.00 |
| N/A | |
| TOTAL (A-F): | $0.00 |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

N/A

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Replacement Cost Value under the Code Claim multiplied by Treble Damages (see attached statement) | $315,319.29 |
| 2. | Cost of incurring a loan to fund repairs in compliance with minimum Massachusetts Building Code Requirements. This amount reflects interest charges under the loan, fees incurred in connection securing the loan, and Treble Damages (see attached statement). | $60,041.85 |
| 3. | Court Filing Fee. Plaintiff is further including a claim for interest, attorneys fees, and additional costs of suit, in an amount to be later determined. | $305.58 |
| | Total | $375,666.72 |

Signature of Attorney/Unrepresented Plaintiff: X          Date:   June 29, 2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X | Date: June 29, 2022 |
| --- | --- |



## CIVIL ACTION COVER SHEET, CONTINUED

### ATTACHED DAMAGES STATEMENT

### COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                    SUPERIOR COURT

Civil Action NO. 2285CV749-C

RE: GATES VILLAGE LLC, Plaintiff, v. AMGUARD INSURANCE COMPANY, Defendant.

### CLAIM ITEM 1:

As further detailed in the Complaint, Defendant has materially breached its insurance contract with Plaintiff and has failed to pay any amounts covered under the Ordinance or Law portion of the Insurance Agreement. Further, Defendant has knowingly and willfully engaged in unfair acts and/or deceptive practices declared illegal pursuant to G.L. c. 93A and 176D and the regulations promulgated thereunder by its various acts and omissions, which have resulted in substantial damages to Plaintiff.

The damages calculation for this portion of the claim reflects the Replacement Cost Value of complying with the Massachusetts State Building Code requirements as enforced by the City of Worcester in connection with repairing the rear exterior egress that was damaged in the loss and covered under the insurance contract. Included herein is the Code Claim prepared by Plaintiff's public adjustor to date and submitted to Defendant, including relevant invoices. Plaintiff further requests treble damages as allowable and appropriate under G.L. c. 93A; therefore, the amount specified on the Civil Action Cover Sheet is the product of the Replacement Cost Value multiplied by three.

### CLAIM ITEM 2:

As further detailed in the Complaint, as a result of Defendant's breach of contract and knowing and willful unfair acts and/or deceptive practices declared illegal pursuant to G.L. c. 93A and 176D and the regulations promulgated thereunder, and the subsequent violation issued by the City of Worcester enforcing the Massachusetts State Building Code requirements in connection with the rear exterior egress that was damaged in the Loss and covered by the insurance contract, Plaintiff incurred reasonable and foreseeable damages in connection with securing a loan to fund such repairs.

The amount for this claim reflects the interest payments Plaintiff is required to pay the lender over the course of the loan and fees incurred in connection with securing the loan. Included herein are the Note and Mortgage documenting such loan, and invoices which further substantiate these damages. Plaintiff further requests treble damages as allowable and appropriate under G.L. c. 93A; therefore, the amount specified on the Civil Action Cover Sheet is the product of the Replacement Cost Value multiplied by three.

By its attorney,

Tova M. Goldring (BBO #680907)
TG Law, LLC
867 Boylston Street
Suite 500
Boston, MA 02116
goldringlegal@gmail.com
617-564-1140

Dated:      June 29, 2022

CLAIM 1 Supporting Documentation:

## Mario J. Dies, Licensed Public Adjuster

133 Hastings Road
Spencer, MA 01562
C: (508) 340-5729
Email: mariojdies@mjdpublicadjusters.com

| | |
|---|---|
| Client: | Gates Village, LLC: O/L Claim |
| Property: | 13-15 Gates Street |
| | Worcester, MA 01610 |

| | |
|---|---|
| Operator: | MARIOJDI |

| | |
|---|---|
| Estimator: | Mario J. Dies |

| | | |
|---|---|---|
| Type of Estimate: | <NONE> | |
| Date Entered: | 9/15/2020 | Date Assigned: |

| | |
|---|---|
| Price List: | MAEM8X_APR20 |
| Labor Efficiency: | Restoration/Service/Remodel |
| Estimate: | 2020-09-15-1924-1-1 |
| File Number: | O/L Claim |

## Mario J. Dies, Licensed Public Adjuster

133 Hastings Road
Spencer, MA 01562
C: (508) 340-5729
Email: mariojdies@mjdpublicadjusters.com

### 2020-09-15-1924
### O/L Related

**O/L Related**                                                                 Height: 8'

| DESCRIPTION | QTY | UNIT PRICE | TOTAL |
|---|---|---|---|
| *PROFESSIONAL PLANS/DRAWINGS: EGRESS/DECKS/STAIRWELLS, ALL PER ATTACHED PLANS/DRAWINGS* | | | |
| 1. Plans/drawings, per attached from Stephen Fleshman Architect, LLC. Per attached invoice. | 1.00 EA @ | 8,500.00 = | 8,500.00 |
| 2. Property Management's Invoice to oversee the above. | 1.00 EA @ | 1,700.00 = | 1,700.00 |
| *O/L CONSTRUCTION, PER ATTACHED SIGNED CONTRACT BETWEEN INSURED AND SANTOS CONTRACTOR* | | | |
| 3. Decks, stairwells, egress, etc...... This amount reflects the GC's estimate which includes direct and O/L. O/P is included in this amount. | 1.00 EA @ | 119,700.00 = | 119,700.00 |
| *DEDUCT THE FOLLOWING LINE ITEMS THAT WERE ALLOWED FOR ON THE DIRECT DAMAGE OFFER:* | | | |
| 4. Staircase above rubber roof: Line items 65 through 72. Amount deducted incs O/P and per acv amount. | 1.00 EA @ | -7,437.96 = | -7,437.96 |
| 5. Staircase/deck from 2nd flr to roof top: Line items 73 through 91. Amount deducted incs O/P and per acv amount. | 1.00 EA @ | -5,255.53 = | -5,255.53 |
| 6. 1st flr deck: Line items 92 through 105. Amount deducted incs O/P and per acv amount. | 1.00 EA @ | -7,538.54 = | -7,538.54 |
| 7. Demo, line item 114: This amount is specific to demo of decks/stairs only, 3 men x 1 day x $50.26. Amount incs O/P. | 1.00 EA @ | -1,447.88 = | -1,447.88 |
| 8. Line item 120: Commercial supervision, 24 hours x $80.43, related to O/L. Amount incs O/P. | 1.00 EA @ | -2,316.38 = | -2,316.38 |
| 9. Line item 123: Temporary entrance during repairs. | 1.00 EA @ | -3,797.28 = | -3,797.28 |

### Generals

**Generals**                                                                    Height: 8'

| DESCRIPTION | QTY | UNIT PRICE | TOTAL |
|---|---|---|---|
| *GENERALS* | | | |
| 10. Fee to City to present egress plan, per attached invoice. | 1.00 EA @ | 1,200.00 = | 1,200.00 |
| 11. Survey fee, see attached invoice | 1.00 EA @ | 1,800.00 = | 1,800.00 |

## Mario J. Dies, Licensed Public Adjuster

133 Hastings Road
Spencer, MA 01562
C: (508) 340-5729
Email: mariojdies@mjdpublicadjusters.com

### Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 768.00 | SF Walls | 288.00 | SF Ceiling | 1,056.00 | SF Walls and Ceiling |
| 288.00 | SF Floor | 32.00 | SY Flooring | 96.00 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 96.00 | LF Ceil. Perimeter |
| | | | | | |
| 288.00 | Floor Area | 320.89 | Total Area | 768.00 | Interior Wall Area |
| 912.00 | Exterior Wall Area | 101.33 | Exterior Perimeter of Walls | | |
| | | | | | |
| 0.00 | Surface Area | 0.00 | Number of Squares | 0.00 | Total Perimeter Length |
| 0.00 | Total Ridge Length | 0.00 | Total Hip Length | | |

## Mario J. Dies, Licensed Public Adjuster

133 Hastings Road
Spencer, MA 01562
C: (508) 340-5729
Email: mariojdies@mjdpublicadjusters.com

### Summary

| | |
|---|---:|
| Line Item Total | 105,106.43 |
| **Replacement Cost Value** | **$105,106.43** |
| **Net Claim** | **$105,106.43** |

Mario J. Dies

2020-09-15-1924-1-1                                    6/27/2022        Page: 4

99 APPLE ROAD
BRIMFIELD, MA 01010
PHONE: 508.347.7188
FAX: 508.347.8939
Fleshman@SF-Arch.com

# STEPHEN FLESHMAN ARCHITECT, LLC

# INVOICE FOR ARCHITECTURAL SERVICES

**Invoice No:**    21-033-1
**Project No:**    21 - 033

## CLIENT:

**Gates Village, LLC**
**61 Sherbrooke Rd**
**Newton, MA 02458**

## PROJECT

13 / 15 Gates Street Egress Stairs Project

## Compensation Due:

| | | | | | | |
|---|---|---|---|---|---|---|
| Construction Documents | | | $8,500.00 | | | |
| Percentage Complete | | | 100.00% | | | $8,500.00 |
| | | | | | Sub total | $8,500.00 |
| Less Previously Billed | | | | | | *$0.00* |
| | | | | | Design total | $8,500.00 |
| **Additional Services** | | | | | | |
| Architect | 0 | hrs @ | $105.00 | | | $0.00 |
| Drafting | 0 | hrs @ | $85.00 | | | $0.00 |
| | | | | | Sub total | $0.00 |
| **Reinbursable Expenses - *Cost plus 0%*** | | | | | | |
| Mileage /Tolls | | | $0.00 | 0.00% | | $0.00 |
| | | | | | Sub total | $0.00 |
| **Reinbursable Expenses - *Cost plus 15%*** | | | | | | |
| Copies | | | $0.00 | 15.00% | | $0.00 |
| | | | | | Sub total | $0.00 |
| | | | | | Reinbursable Expenses Total | $0.00 |

**Total Due This Invoice**    **$8,500.00**

*Net Due Upon Receipt*
*Make checks payable to Stephen Fleshman Architect, LLC*

**May Property Management LLC**

PO Box 691
Shrewsbury, MA 01545 US
mm@maypm.com



# INVOICE

| BILL TO | | INVOICE | 2373 |
|---|---|---|---|
| Daniel Toubian | | DATE | 03/03/2022 |
| Gates Village LLC | | TERMS | Due on receipt |
| 61 Sherbrooke Rd | | DUE DATE | 03/03/2022 |
| Newton, MA 02458 | | | |

| DATE | ACTIVITY | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| 03/03/2022 | Project Management Oversee design and review of architect | 1 | 1,700.00 | 1,700.00T |

| | | |
|---|---|---|
| SUBTOTAL | | 1,700.00 |
| TAX | | 106.25 |
| TOTAL | | 1,806.25 |
| BALANCE DUE | | **$1,806.25** |

# Santos Contractor

**69 Swan Street**
**Everett, MA 02149**
**(617)446-7062**

# Project Proposal

**Prepared for:** Gates Village, LLC
**Location:** 13-15 Gates Street Worcester, MA
**Date:** May 17th, 2022

## Description:

- Build one deck on the first floor to the second floor and second floor to the third floor on the right side of the house according to plan.
- Build one deck on the first floor to the second floor and second floor to the third floor on the left side of the house according to plan.
- Install all required footings according to plan.
- Install motion lights on both sides of the building according to plan.
- Complete all remaining items as per plan according to plan.
- Remove all trash and debris.

**Total Labor and Materials:** $99,750
**General Contractor Overhead @ 10%:** $9,975
**General Contractor Profit: @ 10%:** $9,975
**Total Cost: $119,700**

Date: 5/17/22

Santos

Contractor

as Member Date: 5/17/22

Daniel Toubian, as Member of Gates Village, LLC

 **Gmail**

Tova Goldring <goldringlegal@gmail.com>

---

### Fwd: 13-15 gates plan
2 messages

---

**daniel toubian** <daniel.toubian@gmail.com>
To: Tova Goldring <goldringlegal@gmail.com>

Wed, Jun 29, 2022 at 2:20 PM

---------- Forwarded message ----------
From: DiBenedetto, Brian <DiBenedettoB@worcesterma.gov>
Date: Wed, Jun 8, 2022 at 9:31 AM
Subject: RE: 13-15 gates plan
To: daniel toubian <daniel.toubian@gmail.com>

Yup

I've attached the payment stub for reference. For some reason it doesn't give an amount. So I inserted a screenshot:

---

💳 **Residential Permit Fee**
Became active 16 hours ago

**Due date**
📅 None

**Fees**

| | |
|---|---|
| Residential Building Fees | $1,200.00 |
| **Total Fees** | **$1,200.00** |

**Pay**

○ Pay with check, cash, or another method
No processing fee

○ Pay with a Credit Card
$36.87 processing fee

Pay with eCheck
eCheck is available in the Public Portal Learn more

| | |
|---|---|
| **Total Due:** | **$1,200.00** |

---

*Brian*

**From:** daniel toubian <daniel.toubian@gmail.com>
**Sent:** Wednesday, June 8, 2022 9:10 AM
**To:** DiBenedetto, Brian <DiBenedettoB@worcesterma.gov>
**Subject:** Re: 13-15 gates plan

> **Caution:** This email came from outside the City of Worcester. Do not click on links or open attachments unless you are sure you recognize the sender and you know the contents are safe.

Can I call in payment by credit card?



**CITY OF WORCESTER**
**Department of Inspectional Services**
**25 Meade Street**
**Worcester, MA 01610**
**Phone: 508-799-1198          Fax: 508-799-8544**

June 7, 2022

---

Mail in or deliver in person a check or money order payable to "City of Worcester" for the permit/license fee, along with this printed payment stub, to the address shown above.

**Applicant:** Chris  Macfaden

**Type of Permit:** Building Permit

**Permit #:** B-22-1728

**Date Submitted:** May 17, 2022

**Location:** 13 GATES ST

⊏

# Tauper Land Survey, Inc.

**710 Main St N Oxford Ma 01537**
**P.O. Box 744**
**N Oxford MA 01537**

# Invoice

| Date | Invoice # |
|------|-----------|
| 6/24/2022 | 22-266 |

**Bill To**

Daniel Toubian
13-15 Gates Street
Worcester MA

**PROJECT**

22-245
13-15 Gates Street
Worcester MA

| Serviced | Hours | Description | Amount |
|----------|-------|-------------|--------|
| | | Certified plot plan | 1,800.00 |

| | Total | $1,800.00 |
|--|-------|-----------|

| Phone # |
|---------|
| 508-987-2266 |

Claim 2 Supporting Documentation:

After recording, please return to:
TG Law, LLC
867 Boylston Street, Suite 500
Boston, MA 02116

# MORTGAGE

This **MORTGAGE** is granted by **Gates Village LLC**, a Massachusetts limited liability company with a mailing address at 61 Sherbrook Road, Newton, MA 02458 (the "**Mortgagor**") to Houchague Toubian, an individual with an address at 275 Engle Street, B1, Englewood, NJ 07631 (the "**Mortgagee**").

In consideration of the mutual covenants contained herein and benefits derived herefrom, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Mortgagor agrees to the following terms and conditions:

    1.   <u>Mortgage Obligations</u>.  To secure the prompt, punctual, and faithful payment and performance of:

    (a)   The obligations of Gates Village LLC, as evidenced by a Secured Promissory Note in the amount of $100,000.00 dated June 28, 2022 (the "Note"); and

    (b)   the performance and observance of each and every covenant, condition and obligation contained in the Note, this Mortgage, and all other documents, instruments and agreements given by Mortgagor to Mortgagee (subsections (a) and (b) being collectively referred to herein as, the "Obligations");

the Mortgagor hereby grants, mortgages, assigns, and transfers to Mortgagee with **MORTGAGE COVENANTS**, the certain parcel(s) of land, and all rights and easements of every kind and nature appurtenant thereto, together with all buildings and fixtures and appurtenances thereto and improvements now or hereafter thereon, known as and numbered **13-15 Gates Street, Worcester, MA 01610** as more particularly described on <u>**Exhibit A**</u> annexed hereto and made part hereof (hereinafter called the "**Mortgaged Premises**").

The Mortgagor covenants that the Mortgagor is lawfully seized of the Mortgaged Premises hereby conveyed and has the right to mortgage, grant and convey the Mortgaged Premises. The Mortgagor warrants and will defend generally the title to the Mortgaged Premises against all claims and demands.

    2.   <u>Mortgage Conditions</u>.  This Mortgage is upon the **STATUTORY CONDITION** and upon the further condition that all covenants and agreements on the part of the Mortgagor herein contained or herein referred to shall be fully kept and performed, for any breach of which the Mortgagee shall have the **STATUTORY POWER OF SALE**.

    3.   <u>Taxes and Other Costs</u>. The Mortgagor covenants to pay when due all taxes, charges, assessments, water rates, sewer use charges and other charges which may form the basis

*Property Address: 13-15 Gates Street, Worcester, MA 01610*

of a lien or expense upon or in connection with the Mortgaged Premises or any interest therein or upon any of the Obligations secured hereby, provided, however, the Mortgagor shall have the right to withhold payment and/or contest in good faith any such taxes or other charges, provided such nonpayment does not result in a lien against the Mortgaged Premises and the Mortgagor has adequately reserved for such unpaid taxes and/or other charges.

4.     Insurance.  The Mortgagor shall keep the Mortgaged Premises constantly and satisfactorily insured on an "all risk" basis in an amount equal to one hundred percent (100%) of the replacement costs of the improvements, said coverage to be endorsed with a Replacement Cost Endorsement. Mortgagor shall obtain a policy of flood insurance if the Mortgaged Premises or any portion thereof is located in a federally designated flood hazard area, or is located in a flood prone area or flood plain under state or local law.  All such insurance shall be evidenced by valid and enforceable policies in form and substance acceptable to Mortgagee.

5.     Hazardous Waste: Indemnity. The Mortgagor does hereby, for itself and its successors and assigns, agree to and hereby does indemnify, defend and hold harmless Mortgagee and its assigns, successors and grantees, of and from any and all liabilities, assessments, suits, damages, reasonable costs and expenses, reasonable attorney's fees, or judgments arising out of the handling and disposal of hazardous waste, oil and/or toxic substances including clean-up thereunder, including without limitation, the assertion of any lien pursuant to M.G.L. Chapter 21E taking priority over the lien of this Mortgage.  The Mortgagor further indemnifies and hold harmless Mortgagee and its assigns, successors and grantees from any and all infractions and liens arising from any liability or indebtedness to the Commonwealth of Massachusetts arising pursuant to the provision thereof or any liens arising from other applicable laws or ordinances, excluding from the foregoing indemnity any matters arising from the Mortgagee's gross negligence, bad faith or willful misconduct. The rights and remedies of Mortgagee under this Paragraph are cumulative. This indemnity shall survive the discharge of this Mortgage and payoff of the Note.

6.     Payment of Other Indebtedness. The Mortgagor shall pay all indebtedness secured by any mortgage creating a senior and prior lien or junior and subordinate lien (if any) on the Mortgaged Premises, and perform all covenants, terms and conditions contained in any such mortgage on the part of Mortgagor to be performed and observed, all within the periods provided for payment, performance and observance in any such mortgage, thereby preventing an event of default from occurring thereunder, subject to the Mortgagor's right to contest in good faith such indebtedness or covenants, terms and/or conditions.  This Mortgage shall be subordinate only to a Mortgage in the original principal amount of $697,500 to BayCoast Bank recorded on November 18, 2021, in the Worcester District Registry of Deeds in Book 66558, Page 234.

10.    Events of Default. The occurrence of any of the following events shall constitute an Event of Default hereunder:

(a)    The failure to pay when due, beyond the applicable grace and/or cure periods, if any, any amount payable under the Note or this Mortgage;

(b)    The occurrence of any Event of Default under the Note, this Mortgage, or any related documents executed concurrently herewith or supplemental hereto, beyond any applicable

grace periods;

(c)   The Mortgaged Premises are attached or liened for an amount in excess of $10,000.00 and said attachment or lien is not removed or bonded within thirty (30) days;

(d)   The Mortgaged Premises, or any portion thereof or any interest therein, is conveyed, voluntarily encumbered or otherwise transferred in any way without the prior written consent of Mortgagee; or

(e)   The failure of Mortgagor to perform or observe any of his obligations, covenants, or agreements contained in this Mortgage, the Note, or in any other document, instrument or agreement pertaining to the indebtedness of the Mortgagor to Mortgagee or the security therefor, beyond any applicable grace periods.

7.   <u>Waiver of Delay</u>.  No waiver, forbearance, extension of time or other indulgence shown by Mortgagee to the Mortgagor or to any person now or hereafter interested herein or in the Mortgaged Premises, with respect to the payment and/or performance of any of the Obligations, shall affect the right of Mortgagee thereafter to require performance or observance of the same or any other condition, covenant or agreement, or shall operate to release, discharge, modify, change or affect the liability of the Mortgagor herein, either in whole or in part.

8.   <u>Rights and Remedies Upon Default</u>.  Upon the occurrence of any Event of Default hereunder, the Mortgagee may at any time thereafter, at its option and without notice, exercise any or all of the following rights, which rights shall be cumulative and not exclusive and in addition to any other rights granted to Mortgagee under this Mortgage:

(a)   declare all indebtedness secured hereby due and payable, anything in this Mortgage or in the Note to the contrary notwithstanding;

(b)   exercise the Statutory Power of Sale;

(c)   foreclose this Mortgage in whole or in part; or

(d)   at its election, exercise any and all other rights available to it at law or in equity and take such other actions or proceedings as it deems necessary or available to protect its interest in the Mortgaged Premises and Obligations secured thereby.

9.   <u>Application of Proceeds; Costs of Collection</u>.  In the event of redemption after foreclosure proceedings have been commenced, the Mortgagee shall be entitled to collect all reasonable costs, charges and expenses, including reasonable attorneys' fees, incurred up to the time of redemption.  In case of foreclosure sale the Mortgagee shall be entitled to retain out of the monies arising from such sale all sums then secured by this Mortgage, whether then or thereafter payable, including all reasonable costs, charges or expenses, including reasonable attorneys' fees, incurred or sustained by the Mortgagee by reason of any default in the performance or observance of any condition of this Mortgage.  The Mortgagor shall remain liable to the Mortgagee for any deficiency remaining following such application.

3

10. <u>Rights of Mortgagee.</u>

(a)    Without affecting the liability of the Mortgagor, or any other person (except any person expressly released in writing), for payment of the indebtedness hereby secured or for the performance of any obligations set forth or referred to in this Mortgage, and without affecting any lien or other security not expressly released in writing, the Mortgagee at any time, and from time to time, either before or after maturity of the Note, and without notice or consent, may: (i) release any person liable for payment and performance of said indebtedness; (ii) make any agreement extending the time, or otherwise altering the terms of payment of said indebtedness, or modifying or waiving any of said obligations, or subordinating, modifying or otherwise dealing with the liens securing payment of the Note; (iii) exercise or refrain from exercising or waive any right Mortgagee may have; or (iv) release or otherwise deal with any property, real or personal, securing said indebtedness, including the Mortgaged Premises.

(b)    Notwithstanding the existence of any other security interests in the property described in this Mortgage held by the Mortgagee or by any other party, the Mortgagee shall have the right to determine the order in which any or all of said property shall be subjected to the remedies provided herein and the right to determine the order in which the Obligations secured hereby are satisfied from the proceeds realized upon the exercise of the remedies provided herein. The Mortgagor and any party who consents to this interest in the said property and who has actual or constructive notice hereof hereby waives and shall be deemed to have waived any and all rights to require the marshaling of assets in connection with the exercise of any of the remedies permitted by applicable law or provided herein.

11.    <u>Miscellaneous.</u>

(a)    The Obligations of the Mortgagor hereunder, if more than one, shall be joint and several.

(b)    The use of the singular herein shall include the plural, and the use of the plural shall include the singular, and the use of the masculine gender shall include the feminine and the use of the feminine shall include the masculine.

(c)    In the event any one or more of the provisions of this Mortgage is found to be invalid, illegal or unenforceable for any reason or in any respect, such invalidity, illegality or unenforceability shall not limit or impair any other provision hereof.

(d)    This Mortgage shall be governed by the laws of the Commonwealth of Massachusetts.

(e)    This Mortgage may be signed in multiple counterparts and collectively shall be deemed one instrument.

*[This Page Ends Here – Signature Page to Follow]*

4

By signing below, the Mortgagor accepts and agrees to the terms and covenants contained in this Mortgage.

Executed as an instrument under seal, with an effective date of June 28, 2022.

Gates Village LLC

By: _____, as Member

Daniel Toubian, Member

## COMMONWEALTH OF MASSACHUSETTS

County: Middlesex , ss.

On this 28 day of June, 2022, before me, the undersigned notary public, Daniel Toubian, personally appeared, proved to me through satisfactory evidence of identification, which were ____MA DL____ [type of identification] to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose and who further swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

JOSEF DANILCHUK
Notary Public
Commonwealth of Massachusetts
My Commission Expires March 29, 2024

Notary Public: Josef Danilchuk

My Commission Expires: March 29, 2024

5

## SECURED PROMISSORY NOTE

$100,000.00                                                                 June 28, 2022

**THIS SECURED PROMISSORY NOTE IS IN THE PRINCIPAL AMOUNT OF $100,000.**

For value received, **Gates Village, LLC**, a Massachusetts limited liability company with an address at 61 Sherbrooke Road, Newton, MA 02458 (the "**Borrower**") does hereby promise to pay to Houchague Toubian, an individual with an address at 275 Engle Street, B1, Englewood, NJ 07631 (the "**Lender**"), or order, in lawful money of the United States of America in immediately available funds in the principal sum of One Hundred Thousand and 00/100 Dollars ($100,000.00) or such amount as is outstanding on the "**Maturity Date**". Payments of both principal and interest shall be made, in immediately available funds, at the address of the Lender or at such other address as the holder of this Note may from time to time designate.

This Note has been executed and delivered subject to the following terms and conditions:

1.      **Loan:** Subject to the terms and conditions hereof and of any documents evidencing, governing or securing this Note, the Borrower unconditionally promises to pay Lender the principal sum of One Hundred Thousand and 00/100 Dollars ($100,000.00) together with interest in arrears from the date hereof on the unpaid principal balance hereunder, which shall be due and payable on the Maturity Date. During the period prior to the Maturity Date, the Borrower may, at its option, from time to time, prepay all or a portion of the principal sum hereunder. The disbursement of funds under this Note shall be subject to an origination fee of Two Percent (2%) payable to Lender, and such payment to Lender shall be offset from the amount disbursed to Borrower under this Note.

2.      **Interest:** Interest accrued on this Note shall accrue be payable on a fixed per annum rate of 8.0% (the "Interest Rate") on the unpaid principal balance hereof which and shall be payable in full on the Maturity Date. Interest calculations shall be based on a 360-day year and calculated on the basis of actual days elapsed.

If, at any time, the rate of interest, together with all amounts which constitute interest and which are reserved, charged or taken by Lender as compensation for fees, services or expenses incidental to the making, negotiating or collection of any loan evidenced hereby, shall be deemed by any competent court of law, governmental agency or tribunal to exceed the maximum rate of interest permitted to be charged by the Lender to the Borrower, then, during such time as such rate of interest would be deemed excessive, that portion of each sum paid attributable to that portion of such interest rate that exceeds the maximum rate of interest so permitted shall be deemed a voluntary prepayment of principal.

3.      **Maturity Date:** this Note shall expire and be payable on June 28, 2024, which is Twenty-Four (24) months from the date hereof (the "**Maturity Date**"). All outstanding principal of this

Note and all interest accrued and unpaid thereon shall be due and payable in full on the first to occur of (i) acceleration by the Lender after an Event of Default; or (ii) the Maturity Date. Note is payable in full on June 28, 2024. Any renewal of this Note beyond the Maturity Date shall be at the Lender's sole discretion.

4. **Collateral Security:** This Note is secured by a Mortgage ("Mortgage") dated June 28, 2022 from mortgagor Gates Village LLC to Lender related to property more particularly described in said Mortgage and located at **13-15 Gates Street, Worcester, MA** (the "Collateral Property"), which Mortgage is recorded at the Worcester County District Registry of Deeds.

5. **Prepayment:** The principal balance of this Note may be prepaid, in whole or in part, at any time and from time to time, without premium or penalty.

6. **Conditions to Lending:**

(a) The principal sum is subject to the following conditions precedent: (i) the Lender shall have received such documents evidencing the Borrower's power to execute and deliver this Note and to borrow hereunder as the Lender may require; (ii) the Borrower shall have delivered, or caused to be delivered, to the Lender all such guaranties, instruments, agreements, opinions and other documents as the Lender may require in connection herewith, including without limitation, and if applicable, such security agreements, mortgages, assignments, pledge agreements, certificates, financing statements and other documents as the Lender may require to create, preserve or perfect any lien, security interest or charge securing the Borrower's obligations to the Lender; and (iii) no Event of Default (as herein defined) shall have occurred, and no event shall have occurred or be continuing which, with the giving of notice of lapse of time or both, would constitute an Event of Default.

7. **Events of Default; Acceleration:** Notwithstanding the terms contained herein, a minimum thirty (30) day notice and default period shall apply prior to any applicable event maturing into an Event of Default hereunder or under any other related agreement or document. In the event of a conflict between this provision and any other term contained herein or in any other agreement, this provision shall control. Each of the following shall constitute an "Event of Default" hereunder:

(a) failure of Borrower to pay or perform any of its liabilities or obligations to Lender under this Note when due to be paid or performed following notice by the Lender and a thirty (30) day cure period; (b) failure by the Borrower to comply with any covenant, term or condition contained in this Note; (c) failure by Borrower to comply with any other term of, or the occurrence of a default under, this Note, or the failure by the Borrower to comply with the terms of, or the occurrence of a default under, any mortgage, guaranty, loan or security agreement or other agreement or document which may now or hereafter evidence, govern or secure this Note or any guaranty or endorsement or this Note; (d) any representation or warranty made by the Borrower in any loan or security agreement or other agreement or document which may now or hereafter evidence, govern or secure this Note or any guaranty or endorsement of this Note, proves at any

2

time to be incorrect in any material respect; (e) sale or other disposition of or encumbrance on the Collateral Property, except as permitted hereby or by any agreement, document or instrument evidencing, governing or securing this Note or any guaranty or endorsement of this Note; (f) the making or issuance of any levy, seizure, attachment, execution or similar process against the Collateral Property; or (g) incompetency of, dissolution of, termination of the existence of, insolvency of, business failure of, application for or appointment of a receiver, trustee, conservator or liquidator of any part of the property of, assignment for the benefit of creditors by, or the commencement of any case or any other proceeding (whether for the purpose of liquidation or rehabilitation or otherwise) under any bankruptcy or insolvency laws or the death of, by or against Borrower.

Upon the occurrence of any Event of Default hereunder the unpaid principal balance hereof, together with accrued and unpaid interest thereon, shall become immediately due and payable, at the option of the Lender, and any obligation of the Lender to lend hereunder shall terminate.

8. **Waivers:** Every maker, endorser and guarantor hereof, or of the indebtedness evidenced hereby: (i) waives notice of and consents to any and all settlements, compromises, favors and indulgences (including, without limitation, any extension or postponement of the time for payment), any and all receipts, substitutions, additions, exchanges and releases of collateral, and any and all additions, substitutions and releases of any person primarily or secondarily liable; (ii) waives presentment, demand, notices, protest and all other demands, notices and suretyship defenses generally, in connection with the delivery, acceptance, performance, default or enforcement of or under this Note; and (iii) hereby acknowledges that to the extent that the transaction of which this Note is a part is a commercial transaction and, to the extent permitted by any state or federal law, Borrower does hereby waive the right to prior notice and a hearing on the right of any holder of this Note to any remedy or combination of remedies that enables said holder, by way of attachment, foreign attachment, garnishment or replevin, to deprive Borrower of, or affect the use, possession or enjoyment by Borrower of, any of their property at any time prior to judgment in any litigation instituted in connection with this Note or the transaction of which this Note is a part.

9. **Jury Trial Waiver:** THE LENDER AND BORROWER IRREVOCABLY WAIVE ALL RIGHT TO A TRIAL BY JURY IN ANY PROCEEDING HEREAFTER INSTITUTED BY OR AGAINST THE LENDER OR BORROWER IN RESPECT OF THIS NOTE OR ARISING OUT OF ANY DOCUMENT, INSTRUMENT OR AGREEMENT EVIDENCING, GOVERNING OR SECURING THIS NOTE.

10. **Miscellaneous:** Any delay on the part of the holder hereof in exercising any right hereunder or under any mortgage or security agreement (if applicable) which may secure this Note shall not operate as a waiver and any waiver for one occasion shall not operate as a waiver in the event of any subsequent default. The rights and remedies of the holder hereof shall be cumulative and not in the alternative, and shall include all rights and remedies granted herein, in any document evidencing governing or securing this Note, and under all applicable laws. This Note is the final, complete and exclusive statement of the terms governing this Note. If any provision of this Note shall, to any extent, be held invalid or unenforceable, then only such provision shall be deemed

3

ineffective and the remainder of this Note shall not be affected thereby. The provisions of this Note shall bind the heirs, executors, administrators, assigns and successors of each and every Borrower and shall inure to the benefit of Lender, its successors and assigns. This Note shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts and shall be deemed an instrument executed under seal.

**EXECUTED** as an instrument under seal as of the date first above written.

BORROWER:

Gates Village, LLC

By: _____, as Member

Daniel Toubian, Member

4

TG Law, LLC
867 Boylston St, Suite 500
Boston, MA 02116
TGLawLLC@gmail.com
617-564-1140

## INVOICE

Invoice Submitted Electronically to:

Gates Village LLC
Daniel Toubian
61 Sherbrooke Rd.
Newton, MA 02458

June 28, 2022

| | **Professional Services RE: LOAN** | | Hours |
|---|---|---|---|
| 6/16/22 | Prepare Note; Call with Mr. Toubian | | 1.25 |
| 6/17/22 | Prepare Mortgage; attn to loan | | 0.75 |
| 6/22/22 | Attn to Loan Documents | | 0.25 |
| 6/24/22 | Registry of Deeds search; attn to Loan | | 1.25 |
| 6/27/22 | Revise Loan Documents; recording requirements | | 1.0 |
| 6/28/22 | Call with Mr. Toubian; Record Mortgage | | 1.50 |
| | For professional services rendered | 6.0 | Amount $1,800 |
| | **Additional Charges RE: LOAN** | | |
| 6/28/22 | Mortgage recording fee | | $205 |
| 6/28/22 | Postage to Registry of Deeds | | $8.95 |
| | Total additional charges | | $213.95 |
| | Total amount of this bill | | $2,013.95 |
| | Balance due | | $2,013.95 |

June 28, 2022

TG Law, LLC
867 Boylston St.
Suite 500
Boston, MA 02116

## DISBURSEMENT AUTHORIZATION

Re:    $100,000 Secured Promissory Note by Houchague Toubian to Gates Village LLC
("Borrower"); Mortgage Secured by 13-15 Gates Street, Worcester, MA 01610.

To Whom It May Concern:

On behalf of the Borrower, I hereby authorize the payment of the following expenses from the disbursement of the Loan.

| Loan Amount: | ($100,000.00) |
|---|---|
| **Less Expenses:** | |
| Lender Origination Fee | $2,000.00 |
| Total Expenses: | $2,000.00 |
| **Net Proceeds to Borrower** | **$98,000.00** |

Sincerely,

*Daniel Toubian*

Daniel Toubian

| **Summons** | CIVIL DOCKET NO.<br>2285CV00749 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

CASE NAME:

Gates Village LLC

Plaintiff(s)

vs.

AmGUARD Insurance Company

Defendant(s)

Dennis P. McManus      Clerk of Courts

Worcester      County

COURT NAME & ADDRESS:

Worcester Superior Court

225 Main Street

Worcester, MA 01608

**FILED**

AUG 31 2022

ATTEST      CLERK

THIS SUMMONS IS DIRECTED TO Am Guard Insurance Company (Defendant's name).

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Worcester Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

△ 3

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. How to Respond.

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

     a) Filing your **signed** original response with the Clerk's Office for Civil Business, Worcester Superior Court 225 Main St., Worcester, MA 01608 (address), by mail or in person **AND**

     b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

     TG Law, LLC, 867 Boylston St. Suite 500, Boston, MA 02116

3. What to Include in Your Response.

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on _August 2_ , 20 22 . (Seal)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _8/17/2022_ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_served Andrew Lake (security) at 39 Public Square, Wilkes-Barre PA on 8/17/2022 @ 9:47 a.m._

Dated: _8/17/2022_                    Signature: _Leslie Middaugh_
                                                   _Deputy Leslie Middaugh_

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2019

# SHERIFF'S OFFICE OF LUZERNE COUNTY



**Brian M. Szumski**
*Sheriff*

**Joan Hoggarth**
*Director of Judicial Services & Records*

**Randy E. Robertson**
*County Manager*

---

GATES VILLAGE LLC
vs.
AMGUARD INSURANCE COMPANY

**Case Number**
2285CV00749

---

## SHERIFF'S RETURN OF SERVICE

08/17/2022    09:47 AM - LESLIE MIDDAUGH, DEPUTY SHERIFF, FOR SHERIFF OF SAID COUNTY, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THAT ON AUGUST 17, 2022 AT 9:47 AM, PREVAILING TIME, HE SERVED THE WITHIN COMPLAINT & SUMMONS UPON AMGUARD INSURANCE COMPANY, THE WITHIN NAMED, BY HANDING TO ANDREW LAKE, SECURITY, THE PERSON FOR THE TIME BEING IN CHARGE AT 39 PUBLIC SQUARE, WILKES BARRE, PA 18703 IN THE COUNTY OF LUZERNE, STATE OF PENNSYLVANIA, A TRUE AND ATTESTED COPY AND MAKING KNOWN THE CONTENTS THEREOF.

LESLIE MIDDAUGH, DEPUTY

SO ANSWERS,

August 17, 2022

BRIAN M. SZUMSKI, SHERIFF