UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
GATES VILLAGE, LLC                  )
                                    )
            Plaintiff               )
                                    )   Civil Action No. 1:22-cv-11521-AK
v.                                  )
                                    )
AMGUARD INSURANCE COMPANY           )
                                    )
            Defendant               )
_____)

**AMGUARD INSURANCE COMPANY'S ANSWER**

The Defendant AmGUARD Insurance Company ("AmGUARD") respectfully files this Answer to the Complaint of Gates Village, LLC ("Gates Village").

Parties

1. AmGUARD lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and accordingly denies same.

2. AmGUARD admits the allegations of this paragraph.

Facts

3. AmGUARD admits only that it issued the Policy referred to in this paragraph. As for the remaining allegations of this paragraph, the Policy speaks for itself, so no response is required. To the extent that this paragraph alleges any other facts concerning AmGUARD, they are denied.

1

4. The Policy referred to in this paragraph speaks for itself, so no response is required. To the extent that this paragraph alleges any facts concerning AmGUARD, they are denied.

5. AmGUARD admits only that Gates Village claims the Property sustained a loss on or about April 13, 2020. AmGUARD lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and accordingly denies same.

6. AmGUARD admits only that it assigned an adjuster relative to the Loss. AmGUARD lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and accordingly denies same.

7. AmGUARD admits only that it covered a portion of the Loss. AmGUARD lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and accordingly denies same.

8. AmGUARD lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and accordingly denies same.

9. The allegations of this paragraph call for a conclusion of law to which no response is required. To the extent that a response is required, then AmGUARD denies the allegations.

10. AmGUARD lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and accordingly denies same.

11. AmGUARD denies the allegations of this paragraph.

12. AmGUARD denies the allegations of this paragraph.

DPR/234446/0002/1857304v1
09/23/22-HRT/DLP

13. AmGUARD lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and accordingly denies same. Further responding, the Violation referred to in this paragraph speaks for itself, so no response is required. To the extent that this paragraph alleges any facts concerning AmGUARD, they are denied.

14. AmGUARD lacks sufficient information to form a belief as to the truth of the allegations of this paragraph and accordingly denies same. Further responding, AmGUARD denies that any portion of the Loss referred to in this paragraph was covered under the Policy.

15. Any notice referred to in this paragraph speaks for itself, so no response is required. AmGUARD lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and accordingly denies same.

16. The allegations of this paragraph call for a conclusion of law to which no response is required. Further responding, the Policy speaks for itself, so no response is required.

17. The allegations of this paragraph regarding the statute of limitations call for a conclusion of law to which no response is required. AmGUARD denies the remaining allegations of this paragraph.

18. Any letter referred to in this paragraph speaks for itself, so no response is required.

19. AmGUARD denies the allegations of this paragraph.

## Count I
**(Breach of Contract)**

DPR/234446/0002/1857304v1
09/23/22-HRT/DLP

20. AmGUARD repeats and realleges its responses to paragraphs 1 through 19 above.

21. AmGUARD denies the allegations of this paragraph.

22. AmGUARD denies the allegations of this paragraph.

## Count II
### (Declaratory Judgment)

23. AmGUARD repeats and realleges its responses to paragraphs 1 through 22 above.

24. The allegations of this paragraph call for a conclusion of law to which no response is required.

## Count III
### (Violation of Chapter 93A and 176D)

25. AmGUARD repeats and realleges its responses to paragraphs 1 through 24 above.

26. The allegations of this paragraph call for a conclusion of law to which no response is required.

27. AmGUARD denies the allegations of this paragraph.

28. AmGUARD denies the allegations of this paragraph.

29. AmGUARD denies the allegations of this paragraph.

**Wherefore,** AmGUARD denies that Gates Village is entitled to any judgment, award, or other relies. AmGUARD demands that judgment enter against Gates Village and in favor of

DPR/234446/0002/1857304v1
09/23/22-HRT/DLP

AmGUARD on all counts against AmGUARD, and that AmGUARD recover its costs and reasonable attorneys' fees and expenses incurred in defending against this action.

DPR/234446/0002/1857304v1
09/23/22-HRT/DLP

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim against AmGUARD upon which relief can be granted.

### Second Affirmative Defense

The Complaint is barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, and/or estoppel.

### Third Affirmative Defense

Gates Village's damages, if any, were caused by intervening and superseding factors and/or intervening acts by third persons or parties.

### Fourth Affirmative Defense

Gates Village's claims are subject to the terms, conditions, exclusions, definitions, requirements, and endorsements of insurance policy GABP152374 issued by AmGUARD with effective dates of coverage from January 23, 2020 to January 23, 2021, which terms, conditions, exclusions, definitions, requirements, and endorsements speak for themselves. To the extent that Gates Village's claims do not satisfy or comply with those terms, conditions, exclusions, definitions, requirements, and endorsements, or are otherwise excluded, there is no coverage for Gates Village's claims and/or damages sustained as a result of the subject loss.

### Fifth Affirmative Defense

There is no coverage for Gates Village's claims under the AmGUARD policy as Gates Village has failed to meet one or more condition(s) precedent to coverage under the AmGUARD policy.

### Sixth Affirmative Defense

AmGUARD did not breach the terms and conditions of the AmGUARD policy, and/or did not breach the implied covenant of good faith and fair dealing.

### Seventh Affirmative Defense

AmGUARD's coverage obligation under the AmGUARD policy, if any, is subject to the terms, provisions, and conditions in the AmGUARD policy, including but not limited to those pertaining to insurable interest, deductibles, coverage under more than one policy, other insurance, and coinsurance.

### Eighth Affirmative Defense

Gates Village's claims are barred to the extent that Gates Village failed to mitigate any "Loss" allegedly suffered and/or was the proximate cause of all Losses suffered.

### Ninth Affirmative Defense

AmGUARD did not violate any Massachusetts insurance codes, regulations, laws, or rules during its handling and investigation of the subject loss.

### Tenth Affirmative Defense

Gates Village's claims against AmGUARD, if covered, which AmGUARD rejects, are governed by limits and/or sub-limits.

### Eleventh Affirmative Defense

Gates Village's claims are and/or may be precluded by the applicable statute(s) of limitations, if any, both at law and in the Policy.

### Twelfth Affirmative Defense

Gates Village's claims for violation of Massachusetts General Laws Chapter 93A and Chapter 176D are barred because AmGUARD has not engaged in any conduct that constitutes

7

an unfair or deceptive practice under those statutes; nor has AmGUARD done or failed to do anything that would give rise to multiple damages.

### Thirteenth Affirmative Defense

Gates Village's claims for violation of Massachusetts General Laws Chapter 93A and Chapter 176D are barred because Gates Village failed to comply with the prerequisites of those statutes and accordingly may not recover under those statutes.

AmGUARD respectfully reserves the right to add additional affirmative defenses during the course of and after discovery.

### DEMAND FOR TRIAL BY JURY

AmGUARD herein demands a trial by jury of all issues so triable.

                      Respectfully submitted,
                      AMGUARD INSURANCE COMPANY
                      By their attorneys,

                      */s/ David P. Russman*
                      _____
                      David P. Russman (BBO 567796)
                      McElroy, Deutsch, Mulvaney & Carpenter, LLP
                      Ten Post Office Square, Suite 800-S
                      Boston, MA  02108
                      t: (617) 748.5500
                      f: (617) 748.5555
                      drussman@mdmc-law.com

Dated: September 23, 2022

### *Certificate of Service*

This is to certify that on September 23, 2022, I served a copy of this document via the Court's ECF system and via email (and via first-class mail, postage prepaid, upon request) to counsel for Gates Village, LLC:

    Tova Goldring, Esq.
    TG Law, LLC
    867 Boylston Street
    Suite 500
    Boston, MA  02116
    goldringlegal@gmail.com

                      */s/ David P. Russman*
                      _____
                      David P. Russman (BBO 567796)

9